IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NEWTOK VILLAGE, and NEWTOK VILLAGE COUNCIL<br><br>    Petitioners,<br>vs.<br><br>ANDY T. PATRICK, JOSEPH TOMMY, and STANLEY TOM,<br><br>    Defendants. | Case No. 4:15-cv-0009-RRB |

**ORDER OF DEFAULT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION AGAINST
ANDY T. PATRICK, JOSEPH TOMMY, AND STANLEY TOM**

This matter comes before the Court on Petitioners' Motion for Default Judgment. The Court, having reviewed the entire record in this matter, the pleadings and motions, including Petitioners' Motion for Default Judgment, and being fully advised in the premises, concludes that default judgment should be entered for Petitioners Newtok Village and Newtok Village Council against Defendants Andy T. Patrick, Joseph Tommy, and Stanley Tom, based upon the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS:**

1.  Petitioner Newtok Village is a federally recognized Indian Tribe and Alaska Native village located in the community of Newtok, Alaska, and the Newtok Village Council is the governing body of Newtok Village recognized as such by the Secretary of the Interior and State of Alaska.

2.  The Defendants, Andy T. Patrick, Joseph Tommy, and Stanley Tom, reside in the community of Newtok, Alaska, and were properly served in this matter and have failed to appear or otherwise contest the allegations raised in Petitioners' complaint.

3.  The Court has jurisdiction over the subject matter of this complaint under the terms of 28 USC §1331 (Federal Questions) and §1362 (Indian Tribe Plaintiff).

4.  Entry of Default was made on July 21, 2015 (Docket 11).

5.  In the fall of 2012, a tribal election dispute arose within Newtok Village between two groups of trbal members claiming to be the *bona fide* tribal governing body of the Tribe.

6.  On June 14, 2013, the dispute was resolved by the tribe in a community meeting which confirmed that the Petitioner, Newtok Village Council, as currently comprised and led by Mr. Paul Charles, to be the legitimate governing body of the Tribe. The decision was a final action of the Tribe.

7. On July 11, 2013, the Juneau Area Director for the BIA recognized the "New Council" to be the legitimate governing body of Newtok Village with the authority to act as the governing body of the Tribe.

8.. On August 8, 2013, the Defendants challenged the BIA Director's decision by filing an appeal with the Interior Board of Indian Appeals (IBIA), (Docket No. IBIA 13-134).

9. On August 21, 2013, the Director of the Division of Community and Regional Affairs, Department of Commerce, Community and Economic Development, State of Alaska, issued a letter decision, which was final and unappealable, recognizing Petitioner Newtok Village Council as the legitimate governing body of Newtok Village for the purposes of administering all state grants and contracts with the Tribe.

10. On August 6, 2015, the Interior Board of Indian Appeals issued a final Order Affirming Decision, upholding the Area Director's July 11, 2013, decision.

11. The Tribal Council Offices are located on land owned by the Newtok Native Corporation and leased by the Newtok Native Corporation to Petitioner Newtok Village Council.

12. The Defendants have no recognized claim to any tribal official title or authority nor the lawful control over any tribal assets, including tribal offices, records, and equipment.

13. The Defendants have illegally retained possession and control over tribal offices, records, and equipment since the Community decision of the tribe, continuing

through the decisions of the BIA Area Director, State of Alaska and the Interior Board of Indian Appeals.

14. The Defendants have falsely represented to various federal and state officials and the public in general that they are the tribal governing body of Newtok Village and/or tribal officials of Newtok Village.

15. The actions of the Defendants have interfered with the peaceful and legal operations of Newtok Village, including Petitioners' rightful and lawful possession and control over tribal assets, offices, records, and equipment.

16. Petitioners have no adequate remedy at law and the remedy of a permanent injunction is appropriate in the circumstances of this case.

17. This Court further finds that Defendants will suffer no undue hardship by the entry of a permanent injunction since Defendants have no right to continue to engage in unlawful possession and control of tribal assets, nor the deceptive representations to Federal and state agencies, and the general public as to their status as tribal officials.

18. NOW THEREFORE, this Court ORDERS that Defendants Andy T. Patrick, Joseph Tommy, and Stanley Tom, and any other person under their control or at their direction, including but not limited to any principals, officers, directors, agents, employees, representatives, successors, affiliates, subsidiaries, contractors, and assigns who receives

actual notice of the Order, are PERMANENTLY ENJOINED from representing to any Federal or state agency or official, or any member of the public, that they hold any official title or office with Newtok Village, nor any tribal enterprise, corporation, or organization authorized, controlled, or chartered by or on behalf of Newtok Village.

19. AND THE COURT FURTHER ORDERS, that the Defendants Andy T. Patrick, Joseph Tommy, and Stanley Tom, and any other person under their control or at their direction, including but not limited to any principals, officers, directors, agents, employees, representatives, successors, affiliates, subsidiaries, contractors, and assigns who receives actual notice of the Order, are PERMANENTLY ENJOINED from possessing or exercising any control over any tribal asset belonging to Newtok Village. This expressly includes occupancy of the tribal council building leased by the Newtok Village Council and possession of Newtok Village records or equipment, including any such records of the Newtok Village Council or the Newtok Traditonal Council.

20. Mr. Tom John, Tribal Administrator for Newtok Village, is hereby authorized and directed to serve this order upon the Defendants within ten (10) days of entry of this order and shall file a return of service with this Court.

21. On or before ten (10) days after service of this Order as directed above, the Defendants shall deliver to the Plaintiffs any and all Newtok Village records or equipment in their possession or control.

22. The Court at this time reserves deciding the issue of awarding costs and fees. After service of this order as directed above, and on or before thirty (30) days after service of this Order, the Plaintiffs may file a motion for award of attorney fees and costs.

**IT IS SO ORDERED** this 4th day of November, 2015.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE