IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NEWTOK VILLAGE, and NEWTOK VILLAGE COUNCIL,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ANDY T. PATRICK; JOSEPH TOMMY; and STANLEY TOM,<br><br>        Defendants. | Case No. 4:15-cv-00009 RRB<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT**<br>(Docket 65) |

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2015, Plaintiffs filed a Petition for Injunctive Relief against Defendants.[1] Plaintiffs included Newtok Village, a Federally recognized Indian Tribe, and the Newtok Village Council, the current governing body of Newtok Village. Defendants were three individuals who resided in the community of Newtok, who were previous members of the Council. In late 2012, "a tribal election dispute arose, out of which two groups emerged each claiming to be the *bona fide* tribal governing body of the Tribe."[2]

---

[1] Docket 1.
[2] Docket 1 at ¶ 11. For the sake of simplicity, the Court recognizes that Plaintiffs generally are recognized in the briefing as the "New Council" of Newtok Village, and Defendants were part of the "Old Council."

The Bureau of Indian Affairs ("BIA") got involved in late 2012 when it became apparent that, in connection with several contracts arising under the Indian Self-Determination Act ("ISDA"),[3] the BIA received "various emails and documents relating to the conflict," and determined that it had "a duty to determine the authorized representatives of the governing body of Newtok."[4] The BIA made it clear that its policy was to allow the Tribe to resolve internal tribal conflicts, but it also recognized that it had to determine which tribal governing body the BIA would officially recognize for contracting purposes.[5]

Following its investigation, the BIA determined that tribal membership had clearly and legitimately requested a vote; that the October 12, 2012, meeting and election appeared to have been organized in response to that request; and that the majority of voting members cast their ballots in favor of the New Council.[6] Moreover, the BIA "viewed the video which appears to confirm the voting process" that yielded a vote in favor of the "New Council."[7] But the BIA noted that on November 4, 2012, the Old Council claimed reelection *via* a separate vote, and refused to cede leadership.[8]

---

[3] The ISDA "directs the Secretary of the Interior to enter into contracts with willing tribes, pursuant to which those tribes will provide services such as education and law enforcement that otherwise would have been provided by the Federal Government." *Salazar v. Ramah Navajo Chapter*, 567 U.S. 182, 185 (2012).

[4] Docket 65-1 at 1–2 (United States Department of the Interior, Bureau of Indian Affairs, Determination Regarding Newtok Village Leadership).

[5] *Id.* at 2.

[6] *Id.* at 6.

[7] *Id.* at 5.

[8] However, when given the opportunity to provide the BIA with evidence to support its claim, the Old Council "furnished no written submissions documenting the basis of its claim to continuing authority, or demonstrating why the Bureau should not recognize the New Council." *Id.* at 7.

*Newtok Village Council v. Patrick, et. al.*  Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*  Page 2
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 2 of 11

Ultimately, at general membership meeting on June 14, 2013, the Old and New Council members agreed to hold a vote as to whether to confirm the Old or New Council, so that the Tribe could move forward. Records reflect 52 votes in favor of confirming the New Council, and 30 votes in favor of confirming the Old Council.[9] However, the Old Council again refused to cede leadership.[10]

On July 11, 2013, based on its review of the evidence, the BIA opined that a leadership vacuum would be detrimental to the best interests of the Tribe, as multiple government funding agencies needed to be able to do business with an authorized tribal governing body in light of the urgent need to physically relocate the village site. It also found no justification for recognizing the Old Council, and therefore officially recognized the New Council as the legitimate governing body of Newtok Village.[11]

The Old Council appealed to the Interior Board of Indian Appeals, effectively staying the BIA's recognition of the New Council.[12] But on August 21, 2013, the Director of the Division of Community and Regional Affairs, Department of Commerce, Community and Economic Development, State of Alaska, issued a letter decision recognizing the New Council as the legitimate governing body of Newtok Village for the purposes of administering all state grants and contracts with the Tribe, a decision which was "final and unappealable."[13] As a result, on May 27, 2014, the Interior Board of

---

[9] *Id.* at 7.
[10] *Id.*
[11] Docket 1 at ¶ 17; *see also* Docket 65-1.
[12] Docket 1 at ¶ 18.
[13] *Id.* at ¶¶ 19–20.

Newtok Village Council v. Patrick, et. al.  Case No.4:15-cv-0009 RRB
Order Denying Motion to Set Aside Default Judgment  Page 3
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 3 of 11

Indian Appeals lifted the stay, making the July 11, 2013, decision fully effective, and rendering the New Council the federally recognized governing body of Newtok Village.[14]

Thereafter, the New Council, now known simply as the Newtok Village Council, became Plaintiffs in this matter. The 2015 Complaint alleged that after the BIA's May 27, 2014, decision recognizing the New Council, Defendants continued to make repeated "representations to various federal, state and private agencies seeking money and misrepresenting that they are the legitimate governing body of Newtok Village," and "have retained records[,] equipment and other property belonging to Newtok Village."[15] After unsuccessfully attempting to obtain such records, equipment, and other property in order to carry out contractual obligations of the Tribe, the Newtok Village Council filed this Complaint for injunctive relief, seeking to enjoin Defendants from misrepresenting that they were the legitimate governing body, and directing Defendants to turn over all records, equipment, and property owned by Newtok Village to the Newtok Village Council.[16]

The Clerk of Court entered Default on July 21, 2015, after Defendants, who had been properly served, failed to plead or otherwise defend this action.[17] This Court found that it had jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1331 (Federal Question) and § 1362 (Indian Tribe Plaintiff), and entered Default Judgment and a permanent injunction on November 4, 2015.[18] Plaintiffs subsequently

---

[14] *Id*. at ¶ 21–22.
[15] *Id*. at ¶ 24–25.
[16] *Id.* at 5.
[17] Docket 11.
[18] Docket 16.

*Newtok Village Council v. Patrick, et. al.*     Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*     Page 4
Case 4:15-cv-00009-RRB    Document 71    Filed 02/25/21    Page 4 of 11

moved for attorney fees and costs, which the Court granted in the amount of $6,533.57 plus interest.[19]

## II. MOTION TO VACATE DEFAULT JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Original jurisdiction involving Indian Tribes was specifically articulated in 28 U.S.C. § 1362, which identified jurisdiction "of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States."

Although this Court found that it had jurisdiction pursuant to 28 U.S.C. § 1331 and § 1362, Defendants now argue that Plaintiffs failed to meet the statutory requirements of either provision because the Complaint failed to present a federal question on its face.[20] Accordingly, Defendants argue that this Court lacked subject matter jurisdiction over this matter when it was brought in 2015, and that any judgment therefore is void and should be vacated.[21]

In response, Plaintiffs argue that this motion is untimely, that the Court properly exercised its subject matter jurisdiction, and that Defendants' motion is moot because Defendants already have substantially fulfilled the obligations of this Court's

---

[19] Dockets 20, 26.
[20] Docket 65 at 16.
[21] Docket 65.

*Newtok Village Council v. Patrick, et. al.*           Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*           Page 5
Case 4:15-cv-00009-RRB    Document 71    Filed 02/25/21    Page 5 of 11

judgment regarding tribal records, tribal funds, and tribal property, so vacating the judgment would have no effect other than allowing the Old Council to resume falsely asserting its authority.[22]

## A. Timeliness

"Subject matter jurisdiction can never be waived or forfeited,"[23] and a litigant can raise a court's lack of subject matter jurisdiction at any time in the same civil action, including "post-trial."[24] Accordingly, timeliness of this motion is not an issue.

## B. Federal Question

The only issue is whether this matter "arises under the Constitution, laws, or treaties of the United States." Defendants argue that Plaintiffs' Complaint did not identify a federal question on its face.[25] Rather, they assert that the Complaint alleges "fruits of internal tribal disputes" and state conversion claims, and argue that "the fact that the BIA made a decision involving the Newtok Tribe and contracting does not create a federal question."[26]

### 1. State law claims

Defendants argue that Plaintiffs' allegations regarding removal of village records "constitute [state law] claims for conversion and do not arise under federal law for federal jurisdiction purposes."[27] While Defendants may or may not be correct, the Court

---

[22] Docket 69.
[23] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).
[24] *Kontrick v. Ryan*, 540 U.S. 443, 455, 459 (2004).
[25] Docket 65 at 6.
[26] *Id.* at 7–8.
[27] *Id.* at 9.

*Newtok Village Council v. Patrick, et. al.*     Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*     Page 6
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 6 of 11

need find only one source of jurisdiction, which would allow it to assert jurisdiction over other non-federal claims.

2. **Internal tribal dispute**

The Court is unpersuaded by Defendants' argument that the "main purpose of the Petition was to have the District Court settle and enforce the Newtok Tribe's internal leadership dispute."[28] Defendants characterize the default judgment entered by the Court as "turning on determining which group is the legitimate governing body of the tribe,"[29] which is outside of this Court's jurisdiction. This matter was not before this Court to settle a "tribal election dispute." That dispute previously had been addressed by the Tribe, as later determined by the BIA when the BIA stated that it "accepts the assertion of the members of the New Council that they constitute the Traditional Council which has the authority to act as the governing body of Newtok Village . . . ."[30] The issue of tribal leadership, therefore, had been resolved, arguably on multiple occasions, before this lawsuit was filed. The BIA's official determination that the New Council was the governing body recognized for purposes of contracting under the ISDA was asserted on the face of the Complaint. For this Court's purposes, the BIA's official recognition of tribal leadership was not a contested issue.

---

[28] *Id.* at 10.
[29] *Id.* at 12–13.
[30] Docket 65-1.

*Newtok Village Council v. Patrick, et. al.*                                               Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*                  Page 7
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 7 of 11

### 3. Enforcement of tribal judgment

Defendants argue that the fact that the BIA made a decision involving a Tribe and its entitlement to federal contracting does not create a federal question.[31] Plaintiffs respond that it is the federal *enforcement* of the tribal judgment of the 2012 election dispute that is a federal question.[32] But Plaintiffs' reliance on the Ninth Circuit's 2019 decision in *Coeur d'Alene Tribe v. Hawks*, is misplaced. The *Coeur d'Alene* decision specifically concluded "the Tribe's action to enforce the Tribal Court's judgment *against a nonmember* presents a substantial issue of federal law," and that its decision was specifically limited to those facts.[33]

### 4. Indian Self-Determination Act, 25 U.S.C. § 450 *et seq.*

More persuasive is Plaintiffs' argument that the Complaint presented federal questions pursuant to the ISDA. In 1975, the United States Congress enacted the Indian Self-Determination and Education Assistance Act.[34] The ISDA "directs the Secretary of the Interior to enter into contracts with willing tribes, pursuant to which those tribes will provide services such as education and law enforcement that otherwise would have been provided by the Federal Government. ISDA mandates that the Secretary shall pay the full amount of 'contract support costs' incurred by tribes in performing their contracts."[35] Plaintiffs were the federally-recognized governing body under the ISDA when the Complaint was filed. Accordingly, the sole issue now before this Court is whether the

---

[31] Docket 65 at 7–8.
[32] Docket 69 at 11–14.
[33] 933 F.3d 1052, 1057–60 (9th Cir. 2019) (emphasis added).
[34] Public Law 93-638; 25 U.S.C. § 450 *et seq.*
[35] *Salazar*, 567 U.S. at 185.

*Newtok Village Council v. Patrick, et. al.*  Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*  Page 8
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 8 of 11

Tribe's recognized governing body's request for an injunction against individuals falsely asserting tribal authority in the matter of government contracts is a "matter in controversy aris[ing] under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1362.

> Before § 1362, tribes were "relegated . . . to state court" unless the United States chose to protect a tribe's rights in federal court by suing in its capacity as tribal trustee under 25 U.S.C. § 175 . . . . As tribes perceived state courts as "inhospitable to Indian rights," this was troubling. . . . Responding to this situation, Congress enacted § 1362 to "open the federal courts to the kind of claims that could have been brought by the United States as trustee, but for whatever reason were not so brought" and thus "assure[ ] [tribes] of the same judicial determination whether the action is brought in their behalf by the Government or by their own attorneys." . . . Because of this history, a tribe's ability to sue under § 1362 is understood to be "at least in some respects as broad as that of the United States suing as the tribe's trustee."[36]

The 2015 Complaint alleged that after the BIA's decision recognizing the New Council, Defendants continued to make repeated "representations to various federal, state and private agencies seeking money and misrepresenting that they are the legitimate governing body of Newtok Village."[37] Because the New Council was the federally recognized governing body of Newtok Village,[38] any attempt by the Old Council to assert the right to contract arguably was fraudulent and caused damage to Plaintiffs, as described in the Complaint. The practical goal of the lawsuit, according to Plaintiffs, was to stop Defendants from attempting to defraud Federal, state, and other agencies out of money

---

[36] *Gila River Indian Cmty. v. Cranford*, 459 F. Supp. 3d 1246, 1251–52 (D. Ariz. 2020) (internal citations omitted).
[37] Docket 1 at ¶ 24–25.
[38] *See id.* at ¶¶ 17–22.

*Newtok Village Council v. Patrick, et. al.*  Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*  Page 9
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 9 of 11

intended for the Tribe under the ISDA, and to prevent the continued disruption of tribal contracting rights under the ISDA and related federal and state statutes, in addition to recovering property and records necessary for audit compliance with federal laws and regulations.[39]

To that end, the Complaint specifically identifies Newtok Village as a "federally recognized Indian tribe," eligible to enter into contracts with BIA pursuant to the ISDA.[40] Count 1 alleged that "Defendants have engaged in a pattern and practice of misrepresenting themselves as the legitimate tribal governing body for Newtok in the solicitation of funds and contracts to which Newtok Village is rightfully eligible," and that "such misrepresentations by the Defendants are illegal."[41] Ideally, Plaintiffs would have identified a relevant federal criminal statute at this juncture, establishing the illegality of such activities.[42] However, even without a formal amendment to the Complaint, it is apparent that a suit against Defendants allegedly impersonating a recognized tribal governing body potentially falls under a variety of federal statutes, particularly in light of the fact that such misrepresentation interferes with federal government contracts. The citation of the ISDA, in conjunction with the allegations that Defendants have interfered with contracts between the Tribe's legitimate governing body and the federal government, is adequate to establish federal question jurisdiction.

---

[39] Docket 69 at 3–4.
[40] Docket 1 at ¶ 8.
[41] Docket 1 at ¶¶ 28–29.
[42] The Court posits, by way of example, that Defendants could have faced potential liability under the False Claims Act, 31 U.S.C. § 3729 et seq., which provides for a private right of action in a civil context. 31 U.S.C. § 3730(b).

*Newtok Village Council v. Patrick, et. al.* Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment* Page 10
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 10 of 11

Defendants were served in this action and for five years did not, at their peril, make any attempt to defend their position. The Default Judgment therefore was justified and will not now be vacated.

IT IS SO ORDERED this 25th day of February, 2021, at Anchorage, Alaska.

/s/ *Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Newtok Village Council v. Patrick, et. al.*  Case No.4:15-cv-0009 RRB
*Order Denying Motion to Set Aside Default Judgment*  Page 11
Case 4:15-cv-00009-RRB   Document 71   Filed 02/25/21   Page 11 of 11