IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NEWTOK VILLAGE, AND NEWTOK VILLAGE COUNCIL,<br><br>  Plaintiffs,<br><br>vs.<br><br>ANDY T. PATRIC, JOSEPH TOMMY, AND STANLEY TOM,<br><br>  Defendants. | Case No. 4:15-cv-0009 RRB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES (Docket 72)** |

On April 21, 2015, Plaintiffs[1] filed a Petition for Injunctive Relief against Defendants following a 2012 tribal election dispute.[2] Additional background is discussed in this Court's prior order.[3] In short, the Complaint alleged that after the Bureau of Indian Affairs (BIA) recognized Plaintiffs as the official governing body of the Newtok Tribe for purposes of dealing with the U.S. Government, Defendants continued to make "representations to various federal, state and private agencies seeking money and misrepresenting that they are the legitimate governing body of Newtok Village," and

---

[1] Plaintiffs include Newtok Village, a Federally recognized Indian Tribe, and the Newtok Village Council, the current governing body of Newtok Village.
[2] Docket 1.
[3] Docket 71.

"retained records equipment and other property belonging to Newtok Village."[4] Plaintiffs filed this Complaint for injunctive relief seeking to enjoin Defendants from misrepresenting that they were the legitimate governing body, and directing Defendants to turn over all records, equipment, and property owned by Newtok Village to the Newtok Village Council.[5]

Defendants failed to plead or otherwise defend this action, and the Clerk entered Default.[6] This Court found that it had jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1331 (Federal Question) and § 1362 (Indian Tribe Plaintiff), and entered Default Judgment and a permanent injunction on November 4, 2015.[7]

Five years later, Defendants moved to vacate the default judgment for lack of subject matter jurisdiction, arguing that Plaintiffs failed to meet the statutory requirements of either § 1331 or § 1362 because the Complaint failed to present a federal question on its face.[8] Rather, Defendants asserted that the Complaint alleged "fruits of internal tribal disputes" and argued that "the fact that the BIA made a decision involving the Newtok Tribe and contracting does not create a federal question."[9] They further argued that Plaintiffs' allegations regarding removal of village records constituted claims for conversion, which could not be federal claims.[10] This Court was unpersuaded by Defendants' argument that the "main purpose of the Petition was to have the District Court

---

[4] Docket 1 at ¶¶ 24–25.
[5] Docket 1 at 5.
[6] Docket 11.
[7] Docket 16.
[8] Docket 65 at 16.
[9] Docket 65 at 7–8.
[10] Docket 65 at 9.

*Newtok Village v. Patric, et al.*                                Case No.4:15-cv-0009 RRB
Order Granting Motion for Attorney Fees                  Page 2
Case 4:15-cv-00009-RRB    Document 76    Filed 03/26/21    Page 2 of 6

settle and enforce the Newtok Tribe's internal leadership dispute."[11] This Court noted that "the issue of tribal leadership was resolved, arguably on multiple occasions, before this lawsuit was filed."[12] It found that Plaintiffs were the federally-recognized governing body of Newtok Tribe pursuant to the Indian Self-Determination and Education Assistance Act,[13] and that the Tribe's recognized governing body's request for an injunction against individuals falsely asserting Tribal authority in the matter of government contracts was a "matter in controversy aris[ing] under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1362. The motion to vacate the default judgment accordingly was denied.[14]

Newtok Village now seeks an award of attorney fees pursuant to Local Civil Rule 54.2, citing Alaska Rules of Civil Procedure 82 and federal common law as authority for such an award. Arguing bad faith, Plaintiffs seek an award of full fees incurred, in the amount of $5,731.60.[15] Defendants argue that there was no bad faith, and that neither Rule 82 nor federal law provide for attorney fees.[16]

## A. Alaska Civil Rule 82 Fees

In general, "Rule 82 can sometimes provide grounds for a fee award in the District of Alaska; specifically, in diversity cases, . . . and in federal question cases with

---

[11] Docket 65 at 10.
[12] Docket 71 at 7.
[13] Public Law 93-638; 25 U.S.C. § 450 *et seq.*
[14] Docket 71.
[15] Docket 73.
[16] Docket 74. Defendants also argue that the ISDA does not authorize an award of fees. *Id.* at 2–3. Plaintiffs have not asserted entitlement to attorney fees under the ISDA.

*Newtok Village v. Patric, et al.*     Case No.4:15-cv-0009 RRB
Order Granting Motion for Attorney Fees     Page 3
Case 4:15-cv-00009-RRB   Document 76   Filed 03/26/21   Page 3 of 6

supplemental jurisdiction over state-law claims."[17] Defendants dispute the applicability of Rule 82, arguing that "there are no supplemental state law claims in this case."[18] But Plaintiffs argue that Defendants have argued that claims for conversion in this matter arose under Alaska state law, triggering the applicability of Alaska Civil Rule 82.[19]

When this Court concluded that federal jurisdiction existed pursuant to the ISDA, this Court declined to dwell on the issue of state law claims, noting that "the Court need find only one source of jurisdiction, which would allow it to assert jurisdiction over other non-federal claims."[20] Similarly, this Court need not dwell on the issue of Rule 82 applicability, as attorney fees are available *via* federal common law.

## B.    Federal Common Law

"Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require."[21] Moreover, "a court may award attorneys' fees to a prevailing party as a means of punishing an opponent who acted in bad faith."[22]

---

[17] *Disability L. Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 941 (9th Cir. 2009).
[18] Docket 74 at 6. Defendants accuse Plaintiffs of "concoct[ing] a new idea" that this case involved "mixed federal/state claims" in "an attempt to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367 aimed at allowing Alaska Civil Rule 82's incorporation into this action. The problem with Petitioners' new idea is that it is demonstrably false: the Petition contains no state law claims." Docket 74 at 9. The Court finds this argument disingenuous, given Defendants' prior briefing. Defendants' motion to vacate the default judgment argued that this Court lacked subject matter jurisdiction specifically because the Complaint lacked diversity or a federal question, and included what Defendants characterized as "claims for conversion," Docket 65 at 8–9, which would necessarily arise under state law.
[19] Docket 73 at 2.
[20] Docket 71 at 6–7.
[21] *Hall v. Cole*, 412 U.S. 1, 4–5 (1973) (footnotes omitted).
[22] *Wininger v. SI Mgmt. L.P.,* 301 F.3d 1115, 1120 (9th Cir. 2002) (citing *Hall v. Cole).*

*Newtok Village v. Patric, et al.*  Case No.4:15-cv-0009 RRB
Order Granting Motion for Attorney Fees  Page 4
Case 4:15-cv-00009-RRB   Document 76   Filed 03/26/21   Page 4 of 6

An award of attorneys' fees is within the district court's discretion.[23] This Court is unpersuaded by Defendants' argument that their actions come "nowhere close to passing the stringent standard for proving up the bad faith exception."[24] Bad faith may be found "not only in the actions that led to the lawsuit, but also in the conduct of the litigation."[25] For the reasons articulated by Plaintiffs in their underlying motion, bad faith conduct clearly gave rise to the lawsuit,[26] and bad faith arguably continued when Defendants did not make any attempt to defend this action for five years, and then moved to vacate default judgment on groundless theories. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."[27] Even at this late juncture, Defendants' briefing continues to assert that "caselaw supports Defendants' position that courts typically lack subject matter jurisdiction to resolve intratribal election disputes like the one here,"[28] despite this Court's painstaking attempts to explain to Defendants that the "intratribal election dispute" was decided long before this lawsuit was filed.[29] Plaintiffs' Reply underscores this flaw in Defendants' strategy, noting that "Defendants' argument is/was a deceptive and dishonest rhetorical device in which the conclusion is premised upon a lie

---

[23] *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1298 (9th Cir. 1982).
[24] Docket 74 at 3.
[25] *Hall*, 412 U.S. at 15.
[26] Docket 73 at 4.
[27] *Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1185–86 (9th Cir. 1988).
[28] Docket 74 at 4.
[29] Docket 71.

*Newtok Village v. Patric, et al.*     Case No.4:15-cv-0009 RRB
Order Granting Motion for Attorney Fees     Page 5
Case 4:15-cv-00009-RRB    Document 76    Filed 03/26/21    Page 5 of 6

. . . that the tribal election dispute was never resolved by the Tribe, when in truth, it had been."[30]

## CONCLUSION

The Court has reviewed the affidavit of counsel outlining fees incurred in responding to Defendant's motion to vacate the default judgment.[31] The Court finds that the hours incurred were reasonable and necessary to respond to the motion, and that the hourly rate charged was discounted significantly from counsel's usual rate. For the reasons discussed herein, the Court finds that an award of attorney fees, in full, is warranted. Plaintiffs are awarded $5,731.60 to be paid by Defendants. The Clerk shall issue an amended judgment accordingly.

IT IS SO ORDERED this 26th day of March, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[30] Docket 75 at 2.
[31] Dockets 73-1, 73-2.

*Newtok Village v. Patric, et al.*     Case No.4:15-cv-0009 RRB
Order Granting Motion for Attorney Fees     Page 6
Case 4:15-cv-00009-RRB    Document 76    Filed 03/26/21    Page 6 of 6